(53 South. 702.)

No. 18,101.

DUPLECHAIN v. DEVILLIERS.

(Nov. 28, 1910.)

*(Syllabus by the Court.)*

LIBEL AND SLANDER (§ 56*)—EVIDENCE—DAMAGES.

One who persists in slander, whilst turning his back upon ample opportunities to correct the misapprehension on which it is founded, must respond in damages.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 151–156; Dec. Dig. § 56.*]

Appeal from Sixteenth Judicial District Court, Parish of St. Landry; Charles A. O'Niell, Judge.

Action by David Duplechain against Olide C. Devilliers. Judgment for plaintiff, and defendant appeals. Affirmed.

Edward B. Dubuisson, for appellant. Lewis & Lewis, for appellee.

MONROE, J. This is an action in damages for slander and defamation, arising out of the following circumstances: In January, 1908, defendant signed a note for $165, for and with plaintiff and for the latter's accommodation, which was made payable in 10 months. Shortly before the note fell due, plaintiff was told about it by the cashier of the bank which held it, and was surprised, because he had forgotten its existence. Later still he went to the bank, and, having been shown the note, recognized his signature thereto, and paid it. Defendant, had also forgotten the making of the note, and without inquiry into the matter, and without making any effort to see the note, which he was informed was in the bank, denied and continued to deny that he had ever signed it, and to assert that plaintiff, who is an illiterate, though honest, farmer, of good standing and credit, must have forged his signature, and that, if he said that he (defendant) signed the note he was a liar and a thief. Defendant attempts to justify his course by the fact that plaintiff had forgotten the making of the note, and even after he had paid it was for a time unable to remember what he had done with the proceeds. Plaintiff, however, never denied his signature, and in looking over his receipts satisfied himself that he had received the proceeds and used them. We find in these facts no justification for the slanders uttered by defendant, and no reason for disturbing the verdict and judgment appealed from, which awarded to the plaintiff the sum of $325.

Judgment affirmed.